IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No: 3:24-CV-135

CC 101 NORTH TRYON, LLC,

    Plaintiff,

v.

NORTHEASTERN UNIVERSITY,

    Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Northeastern University ("Northeastern") hereby submits this Notice of Removal of *CC 101 North Tryon, LLC v. Northeastern University*, which is pending as Case No. 23-CV-038438-590 in the North Carolina Superior Court for Mecklenburg County ("State Court Action"), to the Charlotte Division of the United States District Court for the Western District of North Carolina. In support of removal, Northeastern respectfully shows the Court as follows:

## THE COMPLAINT AND TIMELINESS OF REMOVAL

1. On December 8, 2023, Plaintiff filed a Complaint in the State Court Action asserting a claim against Northeastern for breach of contract. In particular, Plaintiff alleges Northeastern breached the terms of a lease governing the rental of office and retail space at 101 North Tryon Street, Charlotte, North Carolina 28202. (*See generally* Compl.)

2. True and accurate copies of all current process, pleadings, and orders served on Defendant in the State Court Action are attached and incorporated by reference. *See* 28 U.S.C. §1446(a). Specifically, the Summons and Complaint are attached as **Exhibit 1**, and Plaintiff's Affidavit of Service is attached as **Exhibit 2**.

3.  Plaintiff's Affidavit of Service states that Plaintiff achieved service of the Summons and Complaint on or after January 12, 2024.[1]

4.  Northeastern has therefore timely filed this Notice of Removal by filing and serving it within 30 days of the service date of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); *Hush v. Schwan's Consumer Brands, Inc.*, No. 3:21-CV-655-MOC-DCK, 2022 WL 2962949, at *2 (W.D.N.C. June 27, 2022) ("[T]he 30-day clock [to remove] begins to run 'when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear.'") (quoting *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018)), *report and recommendation adopted*, 2022 WL 2961579 (W.D.N.C. July 26, 2022).

**GROUNDS FOR REMOVAL**

5.  This case is being removed subject to 28 U.S.C. § 1332(a), which provides for "original jurisdiction of all civil actions where the matter in controversy [1] exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different States . . . ." *See also* 28 U.S.C. § 1441(a).

6.  The allegations of Plaintiff's Complaint demonstrate that there is complete diversity of citizenship between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. Additional requirements for removal have also been satisfied.

**I. There Is Complete Diversity of Citizenship Between the Parties.**

7.  Northeastern is a Massachusetts not-for-profit educational corporation with its principal place of business located at 716 Columbus Avenue, Boston, Massachusetts 02115. (*See*

---

[1] Though Plaintiff's Affidavit of Service states that the Summons and Complaint were served on January 24, 2024, it relies on a process server's affidavit stating that service occurred on January 12, 2024. (*See* Aff. of Service.) Without waiving any arguments, including as to the sufficiency of service, Northeastern shall treat January 12, 2024 as the operative date for calendaring its deadline for removal and to answer or otherwise respond to the Complaint.

2

Compl. ¶ 2.) Thus, for purposes of determining federal court jurisdiction, Northeastern is a citizen of Massachusetts.

8. Upon information and belief, Plaintiff is not a citizen of Massachusetts. Plaintiff is a Delaware limited liability company with its principal office at 601 South Tryon Street, Suite 800, Charlotte, North Carolina 28202. (*See id.* ¶ 1.) Plaintiff's public filings with the North Carolina Secretary of State do not specifically identify its member(s), but the filings state that Plaintiff's manager is Crescent Communities, LLC, which is also a Delaware limited liability company with its principal office at 601 South Tryon Street, Suite 800, Charlotte, North Carolina 28202. The same individual signed the most recent North Carolina Limited Liability Company Annual Reports for both entities. In July 2019, an executive for Sumitomo Forestry America, Inc. signed an Application for Amended Certificate of Authority for Limited Liability Company on behalf of Crescent Communities, LLC as "its Member." Similarly, on November 25, 2019, Crescent Communities, LLC filed a corporate disclosure statement in this Court, in the matter *Crescent Communities, LLC v. Level Office Management, LLC* (W.D.N.C. Case No. 3:19-CV-487), identifying its immediate corporate parent as Sumitomo Forestry America, Inc. Sumitomo Forestry America, Inc. is a Washington corporation with its principal place of business in Addison, Texas.

9. Thus, upon information and belief, Plaintiff does not have a Massachusetts member, it is therefore not a Massachusetts citizen for purposes of determining federal court jurisdiction, and diversity of citizenship exists between Plaintiff and Defendant.

## II. The Amount in Controversy Exceeds $75,000.

10. Plaintiff claims "the cost to remove Defendant's personal property and to restore the Leased Space to its prior condition" was approximately $372,500.00. (Compl. ¶ 27.) Plaintiff also seeks other damages and attorneys' fees. (*Id.* ¶¶ 28-33.)

3

11. Though Northeastern disputes Plaintiff's claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**III. Other Requirements for Removal Have Been Satisfied.**

12. The State Court Action is properly removed to this Court, which is located in the district and division where the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

13. As required by 28 U.S.C. § 1446(d), Northeastern will promptly (i) give written notice of this Notice of Removal to Plaintiff and (ii) file a copy of such notice with the Clerk of the North Carolina Superior Court for Mecklenburg County. A true and accurate copy of this to-be-filed Notice of Filing of Notice of Removal (without exhibits) is attached as **Exhibit 3** and incorporated by reference.

14. Pursuant to Local Rule 73.1(B), Northeastern will serve Plaintiff with copies of the Case Assignment Notice, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge.

15. By removing the State Court Action to this Court, Northeastern does not waive any defenses, objections, or motions available to it under state or federal law. Northeastern expressly reserves the right to move to dismiss Plaintiff's claim under Rule 12 of the Federal Rules of Civil Procedure and any corollary.

**WHEREFORE**, Northeastern respectfully removes the State Court Action from the North Carolina Superior Court for Mecklenburg County to the Charlotte Division of the United States District Court for the Western District of North Carolina.

Dated: February 5, 2024

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *James S. Derrick*
James S. Derrick (N.C. Bar No. 39632)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone: (704) 331-4943
Facsimile: (704) 338-7813
Email: James.Derrick@wbd-us.com

*Counsel for Northeastern University*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system and served by first class U.S. Mail, postage prepaid, and addressed as follows:

Victoria A. Alvarez (victoria.alvarez@troutman.com)
Michael C. Peretz (michael.peretz@troutman.com)
Troutman Pepper Hamilton Sanders, LLP
301 S. College Street, Suite 3400
Charlotte, North Carolina 28202

*Counsel for Plaintiff*

/s/ *James S. Derrick*
James S. Derrick (N.C. Bar No. 39632)