UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-135-MOC-DCK

| | |
|---|---|
| **CC 101 N. TRYON, LLC,** | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| **NORTHEASTERN UNIVERSITY** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff/Counterclaim-Defendant CC 101 North Tryon, LLC's Motion to Dismiss Defendant/Counterclaim Plaintiff Northeastern University's Counterclaim for Declaratory Judgment. (Doc. No. 9). The Court will grant Plaintiff's motion.

## I. BACKGROUND

### A. Summary and Procedural Background

This is a breach of contract case arising from a commercial lease for office space in the One Independence Center in Charlotte, North Carolina. Plaintiff owns the One Independence Center. Defendant is a former tenant who, from April 2011 through December 2022, occupied the Leased Space. Plaintiff claims that the conditions under which Defendant vacated the Leased Space violated express terms and conditions of the lease.

Defendant filed a Counterclaim for Declaratory Judgment, asking this Court to declare that: (1) "the Lease does not obligate Northeastern to remove any tenant improvements or return the property to its pre-Lease or pre-First Amendment condition"; (2) "Northeastern is not required to remove any tenant improvements or return the property to its pre-Lease or pre-First Amendment condition or remove any additional personal items (including cubicles or furniture)

1

due to Plaintiff's failure to provide adequate notice as required under the terms of the Lease"; and (3) "Northeastern fulfilled its obligation to pay certain Operating Expenses under the Lease by paying the entire '2022 OPEX Reconciliation' charge and 'December Utility Billback Charge.'"[1] (Doc. No. 8 ¶ 59). Plaintiff moved to dismiss Defendant's counterclaim. Defendant responded, Plaintiff replied, and this matter is ripe for disposition. (Doc. Nos. 9, 14, 15).

## II. STANDARD OF REVIEW

Reviewing a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court accepts as true all factual allegations in the Complaint and draws all reasonable inferences in the light most favorable to the non-movant. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). But to survive a Rule 12(b)(6) motion, the non-movant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, Defendant's counterclaim can survive Plaintiff's 12(b)(6) motion only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

## III. DISCUSSION

To obtain a declaratory judgment, the claimant "must show that the complaint alleges an

---

[1] Defendant's failure to pay the 2022 OPEX Reconciliation and December Utility Billback Charges is no longer in issue, as Defendants paid these fees in December 2023.

actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Rous v. City of Asheville, 625 F. Supp. 3d 472, 480 (W.D.N.C. 2022) (internal quotations omitted) (quoting Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004)). Declaratory judgment is inappropriate where the claimant seeks early resolution of issues underpinning a breach of contract claim that would otherwise be resolved in the ordinary course of litigation. See, e.g., Sprint Commc'ns Co., L.P. v. FairPoint Commc'ns, Inc., No. 3:16-CV-820-GCM, 2017 WL 2919015, at *6 (W.D.N.C. July 7, 2017) ("A declaratory judgment does not serve a useful purpose where that purpose is only to resolve an already-existing breach of contract claim."). Especially where the alleged breach of contract has already occurred, there is "no useful purpose to be achieved in granting declaratory relief." Babb v. Wade Hampton Golf Club, Inc., No. 1:21cv333, 2022 WL 2760238, at *3 (W.D.N.C. July 14, 2022); We CBD, LLC v. Planet Nine Private Air, LLC, No. 3:21cv352, 2022 WL 2334984, at *4 (W.D.N.C. June 28, 2022) (holding that because breach of contract claims before the court "already encompass[ed] the sole issue in [the] declaratory judgment claim" the declaratory judgment claim should be dismissed as serving no "independent, useful purpose").

Here, Defendant's counterclaim seeking declaratory judgment asks the Court to decide whether the Lease obligated Defendant to "remove any tenant improvement or return the property to its pre-Lease or pre-First Amendment condition," or whether Plaintiff provided Defendant with adequate notice of its obligations under the Lease. (Doc. No. 8 ¶ 59). But there is no ongoing contractual relationship between the parties. Indeed, the alleged breach has already occurred. Thus, the pending breach of contract claims already encompass the sole issue in the declaratory judgment claim. Because declaratory judgment would serve no independent useful purpose, Plaintiff's motion will be granted and Defendant's counterclaim will be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's partial motion to dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dismiss Northeastern University's Counterclaim for Declaratory Judgment, (Doc. No. 9), is **GRANTED**. Northeastern University's Counterclaim for Declaratory Judgment is hereby **DISMISSED**.

Signed: May 29, 2024

Max O. Cogburn Jr.
United States District Judge